```
           UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

  MARC GILLIARD,                  :
              Petitioner          :
                                  :
         vs.                      :   CIVIL NO. 1:CV-05-1035
                                  :
  ATTORNEY GENERAL of the         :   (Judge Caldwell)
  State of PENNSYLVANIA,          :
                                  :
              Respondent.         :
```

*M E M O R A N D U M*

*I.   Introduction.*

Petitioner Marc Gilliard, a state inmate currently housed at SCI-Waymart, Waymart, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 convictions in the Lycoming County Court of Common Pleas for involuntary deviate sexual intercourse, endangering the welfare of children and corrupting the morals of a minor. Gilliard was sentenced to five to ten years of incarceration.

Respondent argues that the petition should be denied because Petitioner failed to meet the one-year statute of limitations for filing a § 2254 petition and because he failed to exhaust state-court remedies as to all his claims. We agree with

Respondent that the petition is untimely and will deny it on that basis.[1]

II.     *Background*.

The Respondent's submissions reveal the following pertinent information.  On August 27, 1998, Petitioner was charged with the offenses of involuntary deviate sexual intercourse, endangering the welfare of children and corrupting the morals of a minor.  (Doc. 14, Exhibits in Support of Respondent's Response to the Petition, Ex. 1, criminal complaint).  A jury found Gilliard guilty on all the charges, and on April 7, 1999, he was sentenced to a prison term of five to ten years.  (*Id.*, Ex. 2).

Petitioner then filed a PCRA petition under the Post Conviction Relief Act ("PCRA").  42 Pa. C.S. §§ 9541-9546.  As a result of the petition, on February 9, 2001, the trial court reinstated Petitioner's direct appeal rights nunc pro tunc.  On

---

[1] The petition makes the following claims: (1) ineffective assistance of counsel at Petitioner's preliminary hearing; (2) denial of the right to an impartial jury because it was "not racially balanced"; (3) trial-court error in permitting the jury to question Petitioner at the close of testimony; (4) insufficiency of the evidence to support the convictions; (5) ineffective assistance of trial counsel in not presenting testimony that the victim's mother had a motive to falsely accuse Petitioner of the crimes; and (6) the prosecution's failure to disclose evidence favorable to Petitioner.  (Doc. 1, Petition).

-2-

direct appeal, the Superior Court of Pennsylvania affirmed the judgment of sentence on February 12, 2002.[2] (Doc. 14, Ex. 4, *Commonwealth v. M.G.*, No. 712 MDA 2001). On February 4, 2003, the Pennsylvania Supreme Court denied Gilliard's Petition for Allowance of Appeal. (Doc. 14, Ex. 5, *Commonwealth v. M.G.*, No. 524 MAL 2002).

On January 20, 2005, Gilliard filed his first 2254 petition challenging his convictions. *Gilliard v. Attorney General of Pennsylvania*, No. 1:05-CV-138 (M.D. Pa.)(Caldwell, J.). After we gave him a *Miller* notice, see *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he decided to withdraw the petition so he could file an all-inclusive one, and on February 17, 2005, we dismissed the petition without prejudice. He filed the current (his second) 2254 petition on May 23, 2005.

---

[2] The court addressed the following issues on direct appeal:

> (1) whether counsel was ineffective for failing to secure medical records concerning the child's prior medical history and (2) whether the evidence was insufficient.

(Doc. 14, Ex. 4.)

Apparently anticipating the limitations defense,[3] Petitioner contends in the current petition that any untimeliness is "due to no fault of [his] own." (Doc. 1, Petition, typewritten addendum, p. 3). He avers that his direct-appeal counsel failed to respond to his letters. (*Id.*, p. 2). He contacted the supreme court's clerk, who told him that when his petition was decided, his counsel would be informed and that he would hear through his counsel. However, no one notified him that the supreme court had denied his Petition for Allowance of Appeal. (*Id.*, p. 3). When Gilliard asked the supreme court again about the status of that petition, "the prothonotary informed [Petitioner] on Feb 20, 2004 - about [his] case which was decided on Feb 04, 2003 - a year earlier." Gilliard contends his direct-appeal counsel's failure to timely notify him of this disposition "caused [him] to file an untimely habeous (sic) corpus petition - without any assistance." (*Id.*)

---

[3] In our *Miller* notice, we had advised Petitioner of the one-year limitations period on 2254 petitions and that while a 2254 petition could be filed beyond that period because the statute of limitations was an affirmative defense, any subsequent petition should be filed before the expiration of the statutory period to insure protection of his rights.

III.   *Discussion*.

There is a one-year statute of limitations for filing a federal habeas corpus petition under 28 U.S.C. § 2254, 28 U.S.C. § 2244(d)(1), and, in relevant part, it begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Gilliard's conviction became final on May 5, 2003, ninety days after the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.  *Morris v. Horn*, 187 F.3d 333, 337 and n.1 (3d Cir. 1999).  The one-year limitations period began running on that date and expired on May 5, 2004.  Thus, the current 2254 petition, filed about a year later on May 23, 2005, is untimely, unless the time period was statutorily or equitably tolled.  *See Jones v. Morton*, 195 F.3d 153, 158-160 (3d Cir. 1999).

Statutory tolling does not apply here.[4]  That leaves only equitable tolling.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that

---

[4] 28 U.S.C. § 2244(d)(2) allows tolling for the period of time "during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Since Gilliard did not file a second PCRA petition after the supreme court denied his Petition for Allowance of Appeal, this statutory tolling provision is inapplicable.

-5-

he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, ___, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 679 (2005).[5]

In this case, Petitioner could assert equitable tolling based on his position that his direct-appeal counsel did not tell him that the state supreme court had denied his Petition for Allowance of Appeal on February 4, 2003, that the supreme court had told him that once a decision was reached his lawyer would tell him, but that he only discovered the information on February 20, 2004, more than a year later, when he contacted the supreme court himself. There are two problems with this position.

First, the Third Circuit has recognized that attorney malfeasance by itself is not an extraordinary circumstance. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling."). Here, assuming the truth of Petitioner's allegations, his direct-appeal counsel simply did

---

[5] In addition to extraordinary circumstances, the second part of the test can be met by showing that the respondent actively misled the petitioner or that the petitioner had timely asserted his rights in the wrong forum. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). Neither of these is present here.

nothing to inform him that the supreme court had denied his Petition. *Compare Seitzinger v. Reading Hosp. & Medical Center*, 165 F.3d 236, 241 (3d Cir. 1999)(attorney misconduct justified tolling when the lawyer lied to the client, falsely telling her a complaint had been filed).

Second, Petitioner has not shown diligence. To begin with, after learning on February 20, 2004, of the denial of his Petition for Allowance of Appeal, Petitioner still had about two and one-half months to file a timely 2254 petition on his own before the May 5, 2004, deadline, but did not do so. *See Schleuter, supra*, 384 F.3d at 76 (petitioner did not show due diligence because he failed to verify that his lawyer had filed a promised PCRA petition by a certain date and, if he had, he would have know that the lawyer had not done so, and petitioner could have filed a pro se petition by the limitations deadline with the "small window of time left"). Additionally, when he did file his first 2254 petition, it was on January 20, 2005, some nine months beyond the deadline of May 5, 2004, and some eleven months after he learned on February 20, 2004, that his supreme-court petition had been denied about a year earlier in February 2003.[6]

---

[6] On Petitioner's first 2254 petition, we granted him an opportunity to withdraw it and file another all-inclusive one, but that has no bearing on the tolling issue since we advised Petitioner that he should file any all-inclusive petition within
(continued...)

*IV.      Conclusion.*

        Gilliard filed the present habeas corpus petition on
May 23, 2005.  The limitations period expired on May 5, 2004.  We
find no basis for equitable tolling.  Thus, Gilliard's petition
for habeas corpus relief under § 2254 is barred by the statute of
limitations.

        We will issue an order dismissing the 2254 petition as
time-barred.  We will also deny a certificate of appealability,
based on the above analysis.  However, Petitioner is advised that
he has the right for thirty (30) days to appeal our order denying
his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P.
4(a)(1)(A), and that our denial of a certificate of appealability
does not prevent him from doing so, as long as he also seeks a
certificate of appealability from the court of appeals.  *See*
Federal Rule of Appellate Procedure 22; Local Rule of Appellate
Procedure 22.1.


                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: March 30, 2006

---

     [6](...continued)
the limitations period.  *Compare Holden v. Mechling*, 133 Fed. Appx.
21 (3d Cir. 2005)(nonprecedential).  Also, as it turned out, the
first 2254 petition was already time-barred.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARC GILLIARD,                          :
        Petitioner           :
                             :
    vs.                      :   CIVIL NO. 1:CV-05-1035
                             :
ATTORNEY GENERAL of the                 :   (Judge Caldwell)
State of PENNSYLVANIA,                  :
                             :
        Respondent.          :

*O R D E R*

AND NOW, this 30th day of March, 2006, it is ordered that:

    1. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is dismissed as untimely.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge